## C. U. SHREVE *v.* T. BOHLSON.

**Transfers Void as to Creditors.**

     A transfer by a debtor of his property without consideration is void as to his then existing liabilities.

**Property Exempt from Creditors.**

     Where articles enumerated in a conveyance made by a debtor without consideration are such as cannot be levied upon by creditors such conveyance is not void as to creditors.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 21, 1878.

OPINION BY JUDGE COFER:

Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, is void as to all his then existing liabilities. Sec. 2, Art. 1, Chap. 44, Gen. Stat.

That the conveyance by C. U. Shreve to his daughter, and by her to her mother, were without valuable consideration, and that appellee's debts were existing liabilities of C. U. Shreve at the time the conveyances were made, are admitted facts. But it is contended that the appellee knew of the conveyances just referred to, and with such knowledge accepted from Mrs. Shreve and her husband a bill of sale of part of the property conveyed as security for his debt, and

that although the bill of sale was void because of Mrs. Shreve's coverture, and was in fact avoided by her on the ground that appellee is estopped to dispute the validity of her title, Mrs. Shreve cannot avoid the writing because of her coverture and then set it up to estop her adversary. She cannot treat it as invalid for one purpose and valid for another. Being void, it cannot operate as an estoppel on either party.

It is contended that the record shows that the property conveyed and adjudged to be sold was all the household property the debtor had, and that being a housekeeper certain of the articles named were exempt from sale for debt, and that as to them there was no fraud in the transfer, and the order to sell them is erroneous.

If the record showed that the articles enumerated in the conveyance were all the household property owned by the debtor at the time of the conveyance, the conclusion of counsel would be correct, and as to such articles as are exempt from coercive sale by creditors the judgment would be erroneous. But we do not find any such fact stated in any of the pleadings or proved in the record; and for aught that appears, C. U. Shreve may own in addition to that conveyed to Miss Shreve and adjudged to be sold in this case every article exempt by law from execution. Judgment *affirmed*.

*James S. Pirtle, for appellant.   Clemmons & Willis, for appellee.*